UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JALEN HILL                                              CIVIL ACTION

VERSUS                                                  NO. 25-547-SDD-RLB

WHEEL PROS LLC

### ORDER

Before the Court is Defendant's Motion to Compel Plaintiff's Discovery Responses. (R. Doc. 13). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

On or about March 3, 2025, Jalen Hill ("Plaintiff") initiated this action, alleging that he was injured in a motor vehicle collision by a driver operating a vehicle in the scope and course of his employment with Wheel Pros Holdings LP. (R. Doc. 1-1). Plaintiff then filed an Amended Petition naming Wheel Pros LLC ("Defendant") as the defendant. (R. Doc. 1-2). Defendant removed the action on June 24, 2025. (R. Doc.1)

On August 20, 2025, Defendant served its First Set of Interrogatories and Requests for Production of Documents to Plaintiff. (R. Doc. 13-1). This set of written discovery consists of 34 interrogatories[1] and 37 requests for production, including 10 requests to execute various authorization forms.[2]

Plaintiff provided timely responses and objections on September 19, 2025. (R. Doc. 13-2). *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

---

[1] Rule 33 only allows a party to serve 25 written interrogatories absent stipulation between the parties or a court order. *See* Fed. R. Civ. P. 33(a)(1)("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).").
[2] Defendant did not attach any of these authorization forms to the instant motion.

On October 2, 2025, defense counsel emailed a letter to Plaintiff's counsel unilaterally setting a telephone discovery conference to be held one week later on October 9, 2025 at 10:00 a.m., stating that defense counsel "will initiate the call." (R. Doc. 13-4). The email and letter do not identify the specific responses and objections that Defendant deemed "insufficient."

Defense counsel certifies that he "**conferred or** attempted to confer with counsel for Plaintiff regarding the discovery issues which are the basis of this motion on October 9, 2025 at 10:00 a.m. by phone." (R. Doc. 13 at 4) (emphasis added). Defendant's memorandum in support, however, makes it clear that no conference was actually held. Defendant states, with no further explanation, that "Plaintiff's counsel failed to appear for the [Rule 37(a)(1)] Conference." (R. Doc. 13-5 at 1). Defendant does not explain whether defense counsel spoke with anyone at Plaintiff's counsel's office or otherwise left a voicemail detailing the specific discovery requests at issue and the purported deficiencies. With no apparent further communication or attempt at communication, Defendant states that it "withheld this Motion to Compel filing for another month to allow Plaintiff time to supplement his responses" but Plaintiff's counsel never contacted Defendant. (R. Doc. 13-5 at 1).

On November 24, 2025, Defendant filed the instant Motion to Compel, asserting that Plaintiff's responses to Interrogatory Nos. 3-5, 8-16, 20-22, 26, 27, and 34 (18 total interrogatories) and Plaintiff's responses to Requests for Production Nos. 1, 5-8, 10, 12-16, 21, 23, and 25-36 (25 requests for production) are "incomplete, insufficient, or nonresponsive." (R. Doc. 13-5 at 1-2). Defendant seeks an order compelling Plaintiff to provide "complete and sufficient responses" by a date certain, and awarding attorney's fees and costs. (R. Doc. 13 at 3). Defendant also appears to seek an order compelling Plaintiff to provide signed authorizations to obtain "medical, IRS Tax Information, military, Social Security Earnings, employment records,

unemployment benefits, original school records, Department of Social Services/Health and Hospitals, Social Security Administration disability, and criminal" records. (R. Doc. 13-5 at 7).

For the reasons stated below, the Court will deny the instant Motion to Compel without prejudice to refile after the parties meet-and-confer with respect to the issues raised in the motion.

As an initial matter, Defendant did not, as required by Local Rule 37, "quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided thereto." LR 37. Granted, Defendant identified the 18 interrogatories and 25 requests for production at issue in the motion and attached copies of the underlying written discovery requests and Plaintiff's responses and objections to its motion. But Defendant's arguments on these **43** written discovery requests (over the course of less than five pages) summarize the discovery requests and ignores various responses and objections raised by Plaintiff. (*See* R. Doc. 15-5 at 3-8). Defendant makes little attempt at meeting its initial burden of demonstrating the relevance of the discovery sought.[3]

The Court recognizes that the instant Motion to Compel is deemed unopposed because Plaintiff failed to file any timely response memorandum. *See* LR 7(f). And while it appears that many of Plaintiff's responses and objections may be evasive or incomplete, *see* Fed. R. Civ. P. 37(a)(4), the Court will not compel the production of supplemental responses based on the

---

[3] "The party filing the motion to compel 'bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2021 WL 1321303, at *2 (M.D. La. Apr. 8, 2021) (quoting *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*; *see also Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections.").

instant motion, which is replete with conclusory statements and little substantive argument.[4] The Court will also not compel Plaintiff to sign authorization forms that have not been submitted for the Court's review.

Having considered the record, the Court will deny the instant Motion to Compel because the record supports a finding that defense counsel failed to confer or attempt to confer with Plaintiff's counsel, in good faith, prior to filing the instant motion. Foremost, the Court's Scheduling Order provides the following:

> Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

(R. Doc. 9 at 1). Defense counsel does not certify that opposing counsel "refused" to confer at the October 9, 2025 conference. Furthermore, defense counsel does not identify any specific attempt to notify Plaintiff's counsel of the issues raised in the instant Motion to Compel (prior to filing the motion) with respect to Interrogatory Nos. 3-5, 8-16, 20-22, 26, 27, and 34 and Requests for Production Nos. 1, 5-8, 10, 12-16, 21, 23, and 25-36.

Moreover, Rule 37 requires a motion to compel to "include a certification that the movant has in **good faith** conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1) (emphasis added). Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *AIDS Healthcare Found., Inc. v. City of Baton*

---

[4] For example, Defendant seeks an order compelling supplemental responses to Request for Production No. 23. In support of this position, Defendant writes "Request No. 23 sought documentation discussed in any meetings between Plaintiff and his attorney and/or his doctors/experts. Plaintiff stated that he would not respond to this request." (R. Doc. 13-5 at 7). At best, this is a summary of the discovery request, objection, and response. But it wholly ignores Plaintiff's assertion of attorney-client privilege. (*See* R. Doc. 13-3 at 10). Defendant fails to set forth **any argument** in support of an order compelling a supplemental response notwithstanding this objection.

*Rouge/Par. of E. Baton Rouge Through City of Baton Rouge Div. of Hum. Dev. & Servs.*, No. 17-229, 2019 WL 1546937, at *3 (M.D. La. Apr. 9, 2019); *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014).

Here, defense counsel does not certify that any "good faith" attempt to confer was made to resolve the discovery issues without court intervention. (*See* R. Doc. 13 at 4).[5] And the record supports a finding that Defendant did not make a "good faith" attempt to confer, given that defense counsel only sent a single email setting a telephone conference and provides no explanation regarding what occurred after that telephone conference was initiated. Even assuming that Plaintiff's counsel did not answer the phone, defense counsel should have at least left a voicemail (or sent a written communication) identifying the specific discovery disputes and inviting a response to avoid the need for court intervention. Instead, defense counsel waited for over six weeks for supplemental responses without ever communicating the underlying purported deficiencies requiring supplemental responses. Given the foregoing, the Court will deny the motion for failure to satisfy Rule 37(a)(1). *See Calhoun v. CarMax Bus. Servs., LLC*, No. 24-660, 2025 WL 3567851, at *2 (M.D. La. Nov. 17, 2025) (single email setting a conference without further efforts to communicate is insufficient to meet the requirements of Rule 37(a)(1)) (citing cases); *McAllister v. McDermott, Inc.*, No.18-361, 2019 WL 6050724, at *2 (M.D. La. Nov. 15, 2019) (single attempt through email to obtain supplemental responses under threat of filing a motion to compel did not satisfy the requirements of Rule 37(a)(1)) (citing cases); *see also Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (recognizing Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality").

---

[5] Defendant's supporting memorandum, which was signed by a different attorney than the Rule 37(a)(1) certificate, asserts that "Defendant has made a good faith effort to obtain complete and meaningful responses from Plaintiff without having to seek judicial intervention." (R. Doc. 13-5 at 3). The record does not support this assertion.

The parties have time to confer regarding the instant discovery dispute prior to the close of non-expert discovery, which is currently set for March 27, 2026. The Court will deny the instant Motion to Compel, without prejudice to refile **after** the parties have had the opportunity to meet-and-confer in good faith.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff's Discovery Responses (R. Doc. 13) is **DENIED** without prejudice to refile after the parties meet-and-confer in good faith regarding the issues raised in this motion.

**IT IS FURTHER ORDERED** that any motion pertaining to the written discovery at issue in this Order shall include a Rule 37(a)(1) or Rule 26(c)(1) certificate detailing the following: (1) when such conference took place, (2) who participated in the conference, (3) how it was conducted (by phone or in person), (4) what topics were specifically addressed, (5) what topics, if any, were resolved, and (6) how long the conference lasted (in minutes).

Signed in Baton Rouge, Louisiana, on February 12, 2026.

 _____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**